## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDISONLED LLC ,<br><br>Plaintiff,<br><br>v.<br><br>BULBRITE INDUSTRIES, INC,<br><br>Defendant. | Civil Action No. 3:25-cv-13543-ZNQ-JTQ<br><br><br><br>**Oral Argument Requested** |

**DEFENDANT BULBRITE INDUSTRIES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF EDISONLED LLC TO SUPPLEMENT ITS RESPONSES TO INVALIDITY CONTENTIONS**

Jason B. Lattimore
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
(973) 998-7477
Jason@LattimoreLaw.com

Kevin S. Kudlac (*pro hac vice*)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

David C. Radulescu, Ph.D. (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Michael Sadowitz (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
david@radip.com; etai@radip.com;
mike@radip.com

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................1

II.   PROCEDURAL BACKGROUND ...........................................................3

III.  RULE 3.4A REQUIRED EDISONLED TO ANSWER BULBRITE'S
      ACTUAL CHARTS, NOT PATENT-WIDE TEMPLATES ........................4

      A.    Rule 3.4A imposes an express reciprocal disclosure duty ...................4

      B.    The Oohata response does not address Bulbrite's chart—a failure
            repeated throughout EdisonLED's Responses .....................................5

      C.    EdisonLED's selected '022 charts do not support its "no
            mapping" characterization...............................................................10

      D.    EdisonLED objects to Bulbrite's obviousness contentions but does
            not disclose its nonobviousness positions ..........................................11

      E.    The templates add no validity position beyond EdisonLED's
            pleading denial .................................................................................14

IV.   EDISONLED COULD PRESERVE ITS OBJECTIONS WITHOUT
      WITHHOLDING THE REQUIRED RESPONSES ...................................14

V.    EDISONLED'S SELECTIVE § 112 RESPONSES DO NOT JUSTIFY
      ITS WHOLESALE INDEFINITENESS REFUSAL...............................17

      A.    The April contentions identified the grounds, and most terms self-
            evidently disclosed the nature of the dispute .....................................17

      B.    EdisonLED's substantive answers to two § 112 grounds defeat its
            claim that there was nothing to answer ..............................................18

      C.    Rule 3.4A(d) required EdisonLED to answer Bulbrite's
            indefiniteness grounds.......................................................................19

      D.    *Epitopix* does not justify EdisonLED's blanket refusal ......................20

VI.   THE REQUESTED ORDER WOULD COMPEL ONLY THE
      RESPONSES RULE 3.4A ALREADY REQUIRES...............................20

VII.  CONCLUSION...................................................................................22

i

# TABLE OF AUTHORITIES

**Pages**

*Abiomed, Inc. v. Maquet Cardiovascular LLC*,
  2018 WL 4054903 (D. Mass. Aug. 24, 2018) ..........................................2, 15, 16

*ConnectTel, LLC v. Cisco Sys., Inc.*,
  391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) .....................................................21

*Curia IP Holdings, LLC v. Salix Pharmaceuticals, Ltd.*,
  No. 21-cv-19293, 2025 WL 1627251 (D.N.J. Feb. 18, 2025).......................16, 21

*DyStar Textilfarben GmbH v. C.H. Patrick Co.*,
  464 F.3d 1356 (Fed. Cir. 2006) ...........................................................................12

*Epitopix, LLC v. Zoetis Inc.*,
  No. 2:23-cv-02467, ECF Nos. 95, 96, 155 (D.N.J. Feb. 27, 2026)....................20

*Finjan, Inc. v. ESET, LLC*,
  2018 WL 4772124 (S.D. Cal. Oct. 3, 2018)...........................................2, 15, 16

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*,
  360 F. Supp. 3d 541 (E.D. Tex. 2018)..................................................................11

*KSR International Co. v. Teleflex Inc.*,
  550 U.S. 398 (2007)..............................................................................................12

*Lyft, Inc. v. Quartz Auto Technologies LLC*,
  2022 WL 17076703 (N.D. Cal. Nov. 18, 2022) ...................................................16

*Microsoft Corp. v. i4i Limited Partnership*,
  564 U.S. 91 (2011).................................................................................................16

*O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006) ......................................................................14, 15

*Otsuka Pharmaceutical Co. v. Torrent Pharmaceuticals Ltd.*,
  133 F. Supp. 3d 721 (D.N.J. 2015).........................................................................5

Defendant Bulbrite Industries, Inc. moves for an order requiring Plaintiff EdisonLED LLC, within fourteen days, to supplement its Responses to Invalidity Contentions. EdisonLED did not provide the disclosures Local Patent Rule 3.4A requires. Bulbrite therefore asks the Court to enter the accompanying proposed order requiring EdisonLED to serve supplemental Responses that comply with Rule 3.4A(a)-(d).

## I.    INTRODUCTION

Rule 3.4A requires EdisonLED to identify what it contends is missing from each prior-art reference, explain its nonobviousness positions, address each allegation in Bulbrite's charts, and explain how the asserted claims comply with § 112. EdisonLED's Responses do not provide any of those disclosures.

EdisonLED's failure to address Bulbrite's charted allegations is exemplified by one particularly clear example: its response to Bulbrite's Oohata anticipation chart. For instance, one claim limitation requires "an adhesive layer formed on the substrate." Oohata tracks that language closely: paragraph [0066] states that the devices are "held by a temporarily holding substrate 10 coated with an adhesive layer 9." Ex. 738-1 at 16. Bulbrite's chart quotes that paragraph, quotes two additional paragraphs naming "adhesive layer 9," and reproduces Figure 5, which labels substrate 10 and adhesive layer 9. Ex. 738-1 at 12-16. The chart identifies the allegedly missing component by name and number and states its relationship to the

1

substrate. EdisonLED nevertheless answered only that Bulbrite "has not identified what reference number in the cited figures constitute[s] the 'adhesive layer.'" Dkt. 95-4 at 10.[1] That reference number appears in the disclosure the chart quotes.

EdisonLED thus does not state whether it agrees or disagrees with Bulbrite's allegation that Oohata discloses "an adhesive layer formed on the substrate," or provide any written basis for disagreement, as Rule 3.4A(c) requires. This was not isolated. EdisonLED repeated patent-wide templates that often fault Bulbrite for not identifying elements even when Bulbrite's charts cite passages that expressly name those elements. The obviousness responses fail the same way. Rule 3.4A(b) required EdisonLED to explain why the disclosed combinations would not have been obvious. EdisonLED objects that the combinations are insufficiently specific—but an objection is not that explanation.

EdisonLED's principal defense is that Bulbrite's contentions did not contain enough detail to permit a fuller response. EdisonLED's authorities do not justify its self-help. At most, they establish the unremarkable proposition that the detail required in discovery may be proportional to the detail of the underlying contentions. None applies Rule 3.4A, and none permits a patentee to withhold a required response until the accused infringer cures an asserted deficiency. *Finjan* and *Abiomed* instead compelled patentees to disclose their validity positions. *Infra* § IV (discussing *Finjan*,

---

[1] Unless otherwise noted, pin citations are to internal pagination.

*Inc. v. ESET, LLC,* 2018 WL 4772124 (S.D. Cal. Oct. 3, 2018); *Abiomed, Inc. v. Maquet Cardiovascular LLC*, 2018 WL 4054903 (D. Mass. Aug. 24, 2018). EdisonLED could have preserved its objections, responded at the level the disclosed theories permitted, and sought relief from the Court for anything it believed it could not meaningfully answer. It could not make its objections the response.

The parties' § 112 dispute is equally direct. Bulbrite's April contentions identified challenged claim limitations and asserted § 112 grounds. Bulbrite's July 1 disclosure supplied concise, term-specific explanations and identified thirteen terms for which Bulbrite would not argue indefiniteness during claim construction. EdisonLED now has the information it said was missing. But EdisonLED still has not provided an indefiniteness response. Rule 3.4A(d) requires that response.

## II.    PROCEDURAL BACKGROUND

Bulbrite served its Invalidity Contentions on April 10, 2026. EdisonLED sought and obtained a one-month extension, explaining that the contentions included "at least 15 separate obviousness combinations per each of the 10 asserted patents" and describing their "scope and density." Dkt. 88 at 1-2; Dkt. 95 at 2. EdisonLED served its Responses on June 8 and objected that Bulbrite's contentions violated Rule 3.3. Dkt. 95-4 at 6-8. Bulbrite identified the Responses' deficiencies on June 10; EdisonLED answered on June 15 that its Responses were "fully commensurate" with Bulbrite's contentions, that Bulbrite "must first serve compliant contentions," and

3

that EdisonLED would assess supplementation afterward. Dkt. 95 at 2; Dkt. 95-1; Dkt. 95-2 at 1, 3. Bulbrite replied on June 16, and the parties conferred by telephone on June 22 without resolving the dispute. Dkt. 95 at 2, 8.

Bulbrite presented the dispute by letter on June 29, and EdisonLED responded on July 6. Dkts. 95, 96. On July 9, the Court concluded that "this particular application would benefit from formal motion practice with fulsome briefing on the issue." Dkt. 97. The Court ordered Bulbrite to file this motion by July 24, EdisonLED to oppose by August 3, and Bulbrite to reply by August 10. *Id.* Under the scheduling order, preliminary claim constructions were due July 21. Dkt. 92 at ECF 2. The parties subsequently agreed to extend that deadline to July 31, but EdisonLED's validity positions remain undisclosed. On July 21, the Court also ordered the parties to spend the next thirty days discussing narrowing and settlement and to submit a joint progress letter by September 4. Dkt. 99 (text order).

## III.   RULE 3.4A REQUIRED EDISONLED TO ANSWER BULBRITE'S ACTUAL CHARTS, NOT PATENT-WIDE TEMPLATES

### A.   Rule 3.4A imposes an express reciprocal disclosure duty

The Local Patent Rules Committee explained that requiring the patent owner—here, Plaintiff EdisonLED—to "respond in kind" to invalidity contentions would "provide parity between the parties" and "serve to focus the invalidity challenge." L. Pat. R. 3.4A Committee Note. Rule 3.4A specifies what EdisonLED's response "shall include." For each prior-art item, EdisonLED must identify each limitation it believes

is absent. L. Pat. R. 3.4A(a). If obviousness is alleged, EdisonLED must explain why the prior art does not render the claim obvious. L. Pat. R. 3.4A(b). Under subsection (c), EdisonLED's response must follow the order of the invalidity chart, state agreement or disagreement with each allegation, and provide the written basis for that position. L. Pat. R. 3.4A(c).

Those requirements advance the Local Patent Rules' twin purposes: full and timely disclosure of the information needed to litigate a patent case, and early crystallization of each side's theories. *Otsuka Pharmaceutical Co. v. Torrent Pharmaceuticals Ltd.*, 133 F. Supp. 3d 721, 727-28 (D.N.J. 2015). EdisonLED does not satisfy that reciprocal duty by invoking Bulbrite's ultimate burden of proof or objecting that a chart needs more explanation. Rule 3.4A requires EdisonLED to disclose its own position.

###### B.      The Oohata response does not address Bulbrite's chart—a failure repeated throughout EdisonLED's Responses

The Oohata response previewed above shows EdisonLED's failure to comply with Rule 3.4A(c). Bulbrite's chart alleges that Oohata discloses the claimed "adhesive layer formed on the substrate." It quotes paragraph [0066], which itself ties the reference numerals to Figure 5: the devices are, "as shown in FIG. 5, held by a temporarily holding substrate 10 coated with an adhesive layer 9." Ex. 738-1 at 16. The chart also quotes paragraphs [0068] and [0074], each again identifying adhesive layer 9, and reproduces Figure 5:

5

FIG.5



*Oohata Figure 5 as reproduced in chart row 1[b], with adhesive layer 9 labeled*

*(Ex. 738-1 at 12)*

Yet EdisonLED says Bulbrite "has not identified what reference number in the cited figures constitute[s] the 'adhesive layer.'" Dkt. 95-4 at 10.

EdisonLED's answer gives no chart-responsive basis for disagreement. Oohata discloses an "adhesive layer" by name; EdisonLED answers that Bulbrite "failed to establish" an "adhesive layer." It offers no explanation. Nor does EdisonLED contend that adhesive layer 9 fails the "formed on the substrate" requirement or address Oohata's "coated with" language. Its only stated basis is the supposedly missing reference number—even though the chart quotes that number in three separate paragraphs and reproduces Oohata's Figure 5, where the number labels the adhesive layer. And no rule required a reference numeral in the first place: Rule 3.3(c) asks a chart to identify "where specifically" in the prior art each limitation is found; the chart supplied the numeral anyway. Rule 3.4A(c) required EdisonLED to address the

6

allegation Bulbrite made, not an allegation the chart disproves.

This is but one example; EdisonLED's other responses are rife with the same failure. For eight distinct references charted against the '738 patent, EdisonLED identified the same limitations as supposedly missing and repeated the same "failed to establish" formulation. Dkt. 95-4 at 10, 12, 13, 15, 17, 19, 20, 22. Across the art-based responses, "failed to establish" appears 980 times, and the same paragraph asserting waiver under § 102 appears in 47 responses. Dkt. 95 at 4-5. That uniformity is evidence that EdisonLED did not perform the work Rule 3.4A(c) requires: follow each chart and state, allegation by allegation, whether it agreed or disagreed and why. EdisonLED used copied, patent-wide language in place of the required chart-specific answers. Oohata shows the result: the copied answer does not engage with the disclosure the chart quotes.

Nor is Oohata isolated. EdisonLED gave the same answer to four other '738 charts, changing only the reference name: Bulbrite "has not identified what in [the reference] constitutes the 'adhesive layer.'" Dkt. 95-4 at 13, 15, 17, 20. As with Oohata, each chart quotes each reference naming and numbering its adhesive layer: Lin's "transparent adhesive layer 14"; Yang's "transparent adhesive layer 14"; Liao's "soft transparent adhesive layer 108"; and Shimada's "adhesive layer 34." Exs., Charts 738-3 at 2, 738-4 at 3, 738-5 at 3, 738-7 at 15.

The same facial contradiction appears in four '455 responses. EdisonLED says

7

Bulbrite has not identified an "active layer" in Yang, Sakamoto, Lin, or Iwata. Dkt. 95-4 at 116, 119, 122, 127. The corresponding rows quote Yang's "active layer 20," Sakamoto's "InGaN layer 6 as an active layer," Lin's "active layer 20," and Iwata's "active layer 15." Ex. Charts 455-3 at 4, 455-4 at 4, 455-5 at 4, 455-7 at 3-4. These comparisons do not ask the Court to decide whether the references satisfy every part of the limitation. They show that EdisonLED's stated ground—nonidentification—is incorrect and does not address the disclosures the charts quote.

The same evidence bears on EdisonLED's compliance with Rule 3.4A(a). EdisonLED contends that its patent-wide lists identify the limitations absent from each reference. Dkt. 96 at 7-8. Oohata shows why those lists cannot be taken at face value: the response treats the adhesive-layer limitation as unsupported without addressing the disclosure Bulbrite cited for it. EdisonLED must correct the Oohata response—and every other response whose stated basis overlooks the charted disclosure.

Even if EdisonLED were correct in its nonidentification objections, Rule 3.4A(a) asks whether a limitation is absent, not whether Bulbrite has proved it. The Rule requires EdisonLED to identify each limitation it "believes is absent from the prior art." A statement that Bulbrite "failed to establish" a limitation addresses proof, not absence. A limitation may be present even if the chart does not prove it, and absent for reasons the cited paragraph never touches. EdisonLED's response must

8

state its actual position so the parties and the Court know what remains disputed. Whether EdisonLED contends that Oohata discloses no adhesive layer or that adhesive layer 9 is not "formed on the substrate," it must address Oohata's words: substrate 10 is "coated with an adhesive layer 9."

Further, EdisonLED's repeated § 102 objection is both wrong and nonresponsive. EdisonLED asserts that Bulbrite did not identify a particular pre-AIA subsection and therefore waived reliance on § 102. Dkt. 95-4 at 9. But Rule 3.3(a) does not expressly require a statutory-subsection label for patents and publications. It requires patents to be identified by number, country of origin, and issue date, and publications by title, publication date, and, where feasible, author and publisher. Its additional requirements concerning §§ 102(b), (f), and (g) address sales, public use or known art, derivation, and prior invention. Bulbrite supplied the required identifying information for the charted patents and publications. L. Pat. R. 3.3(a). Bulbrite therefore did not waive reliance on § 102.

The objection would not answer Bulbrite's chart even if it had merit. EdisonLED's § 102 paragraph neither states whether EdisonLED agrees that Oohata discloses the adhesive-layer limitation nor gives a written basis for disagreement. Rule 3.4A allowed EdisonLED to preserve the objection; it did not allow the objection to replace the required response.

9

### C.     EdisonLED's selected '022 charts do not support its "no mapping" characterization

EdisonLED attached two '022 charts to argue that Bulbrite merely placed undifferentiated quotations beside claim language. Dkt. 96 at 5; Dkts. 96-1, 96-2. Those exhibits do not support that characterization. The Okamoto and Hakata charts reuse overview material, and each row ends with the same obviousness fallback. But Bulbrite provided what Rule 3.3(c) requires: charts that proceed element by element, identify where each limitation is expressly or inherently disclosed in each reference, and provide element-specific passages, figures, and pin cites. Dkts. 96-1, 96-2. They are not charts with "no mapping" and "no discernible theory." Dkt. 96 at 5.

EdisonLED's response to the Okamoto chart shows the template at work. EdisonLED answered that Bulbrite "has not identified what in Okamoto constitutes a 'support surface' of the 'substrate.'" Dkt. 95-4 at 40. But the chart's substrate row quotes Okamoto's disclosure that the LED elements "are arranged in a line" "[o]n the surface of a translucent glass substrate 2." Dkt. 96-1 at 3. EdisonLED likewise answered that Bulbrite "has not identified what in Okamoto constitutes a 'support base.'" Dkt. 95-4 at 40-41. The chart's support-base row quotes Okamoto's paragraph [0007], identifying "base 63" and the "LED unit substrates 61 arranged on both sides of the base 63." Dkt. 96-1 at 22-23. The Okamoto chart EdisonLED selected therefore illustrates the same defect: EdisonLED's answers do not engage the disclosures quoted in the corresponding rows.

10

Bulbrite does not ask the Court to decide whether any chart proves invalidity. It asks only that EdisonLED respond to all 68 as Rule 3.4A requires. Because this motion challenges EdisonLED's responses to all 68 charts.

The two exemplars show the notice the charts provide. The 73-page Oohata chart maps each limitation to cited paragraphs and figures. Ex. 738-1. The '881-3 DenBaars chart likewise maps each limitation to specific disclosures—quoting, for example, DenBaars's statement that "the LED may include a transparent substrate" and its numbered "InGaN multi quantum well active layer 500." Ex. 881-3 at 53, 67. Contentions must provide reasonable notice; they are not summary-judgment briefs. *See IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 554 (E.D. Tex. 2018) (describing the notice-not-proof standard for infringement contentions). Where the quoted reference uses the claim's own words and supplies a reference numeral, the quotation itself identifies the element. EdisonLED must state whether it agrees and why, not claim that the element was never identified. *See supra* § III.B. These charts give EdisonLED enough notice to say what it disputes and why.

### D. EdisonLED objects to Bulbrite's obviousness contentions but does not disclose its nonobviousness positions

Rule 3.3(b) required Bulbrite to identify the prior-art combinations showing obviousness and explain why the prior art renders the asserted claims obvious. Bulbrite did both. Its contentions identify the combinations and provide patent-specific reasons why a skilled artisan would combine the references and expect

11

success. Dkt. 95-5 at 22-110. Rule 3.4A(b), in turn, required EdisonLED to explain "why the prior art does not render the asserted claim obvious." EdisonLED provided no such explanation. It asserts that Bulbrite did not supply the explanation Rule 3.3(b) requires, but it neither addresses the explanations Bulbrite gave nor says why any disclosed combination would not have been obvious. Dkt. 95-4 at 102, 175.

Bulbrite's reasons to combine are the kind of reasoning that *KSR* and *DyStar* permit. A reason to combine may arise from "interrelated teachings of multiple patents," design needs, market forces, or the background knowledge of a skilled artisan; it need not appear as a direction in each reference to make the precise combination. *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 417-18, 421 (2007). It may likewise arise from common knowledge, the prior art as a whole, or the nature of the problem. *DyStar Textilfarben GmbH v. C.H. Patrick Co.*, 464 F.3d 1356, 1361, 1366 (Fed. Cir. 2006). Those cases require articulated reasoning, and Bulbrite supplied it: the discussions address the references' common fields, known design objectives, structural compatibility, reasons to use the disclosed features, and expected results, and then identify the combinations to which that reasoning applies. Dkt. 95-5 at 22-110. Rule 3.4A(b) required EdisonLED to answer that reasoning.

The two dedicated combination charts show why EdisonLED's excuse fails. Chart 340-9 combines Roh, Sung '414, Yoganandan, and Sung '268 against the '340 patent; chart 564-8 combines Okamoto, Tsujino, Woolverton, Standing, and Kim

12

against the '564 patent.[2] The charts address the asserted claims limitation by limitation, and Bulbrite's contentions supply patent-specific reasons to combine. For the '340 patent, for example, Bulbrite explained that a skilled artisan would add a transparent body to provide "mechanical protection, environmental sealing, and optical benefits." Dkt. 95-5 at 66. Together, the charts and contentions identify the combinations, address the claims limitation by limitation, and state reasons to combine—the disclosures EdisonLED says were missing. Yet EdisonLED gave both the same template: Bulbrite had not met its burden and had not supplied the required motivation. Dkt. 95-4 at 102, 175. EdisonLED does not address the stated rationale, identify any incompatibility, say that a limitation remains missing from either combination, or explain why a skilled artisan would lack a reasonable expectation of success.

EdisonLED's April 30 extension request confirms that it recognized the combinations Bulbrite asserted. EdisonLED represented that the contentions included at least 15 combinations for each of ten patents. Dkt. 88 at 1-2. That representation contradicts EdisonLED's later assertion that, "in most cases, Bulbrite has failed to

---

[2] While such obviousness charts are not required by the Patent Local Rules, they were provided to give EdisonLED clear, limitation-by-limitation notice of how the combined references meet each element of the asserted claims for two of Bulbrite's more complex, multi-reference obviousness grounds. That EdisonLED answered even these detailed charts with the same boilerplate confirms that its non-response reflects a refusal to engage rather than any deficiency in Bulbrite's disclosures.

13

identify any specific combination of references." Dkt. 95-4 at 7. EdisonLED counted the combinations when it sought more time, then responded with the same objection instead of a combination-specific position.

Rule 3.4A(b) would add nothing if EdisonLED could satisfy it by asserting that Bulbrite's explanation was inadequate. A compliant response may agree that the references are combinable but dispute a limitation, challenge the asserted reason to combine, or rely on objective evidence of nonobviousness. EdisonLED need not make every argument. It must disclose the position it actually holds.

### E. The templates add no validity position beyond EdisonLED's pleading denial

EdisonLED had already denied Bulbrite's invalidity counterclaim in one sentence: "EdisonLED denies the allegations in paragraph 362." Dkt. 72 at 13; see Dkt. 71 ¶ 362. Rule 3.4A required more: EdisonLED's own positions on the prior art Bulbrite charted. Repeating that Bulbrite failed to carry its burden or waived a statutory provision adds nothing to the pleading denial. The required cure is correspondingly limited. EdisonLED must identify what it contends is absent, address the allegations in Bulbrite's charts, and explain its nonobviousness positions.

## IV. EDISONLED COULD PRESERVE ITS OBJECTIONS WITHOUT WITHHOLDING THE REQUIRED RESPONSES

Rule 3.4A did not permit EdisonLED to replace the required responses with objections to Bulbrite's contentions. The Rule says EdisonLED "shall" serve the

specified responses within fourteen days. The Rule contains no provision suspending that obligation because EdisonLED considered Bulbrite's contentions deficient. The Federal Circuit treats patent local rules as enforceable case-management orders, not voluntary aspirations. *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). EdisonLED could state its objections in its Responses, and it did. What it could not do was substitute those objections for the disclosures the Rule required.

EdisonLED chose self-help instead. It declared Bulbrite's § 112 contentions "unworthy of a substantive response" and stated: "To the extent Bulbrite is later permitted to cure these defects, EdisonLED will respond to any properly disclosed theories at that time." Dkt. 95-4 at 202. An objection preserved in a response leaves the response standing. EdisonLED's condition worked the other way: it purported to make its duty to respond contingent on Bulbrite's cure—a stay of Rule 3.4A that EdisonLED granted itself.

None of EdisonLED's authorities applies Rule 3.4A or authorizes withholding. Rule 3.4A defines both the required response and its deadline. *Finjan, Inc. v. ESET, LLC* and *Abiomed, Inc. v. Maquet Cardiovascular LLC* instead addressed contention interrogatories under Rules 26 and 33. Both recognized that the detail of a rebuttal may reflect the detail of the underlying contentions; both nevertheless compelled patentees to disclose their validity positions. *Finjan*, 2018 WL 4772124, at *2-4 &

n.4 (S.D. Cal. Oct. 3, 2018); *Abiomed*, 2018 WL 4054903, at *1-2 (D. Mass. Aug. 24, 2018).

*Lyft, Inc. v. Quartz Auto Technologies LLC* is further removed. It addressed noninfringement interrogatory answers and denied a request for "more" after the responding party had supplied narrative descriptions and citations to specific source-code repositories. 2022 WL 17076703, at *4-5 (N.D. Cal. Nov. 18, 2022). Bulbrite, by contrast, identifies the specific failures in EdisonLED's responses and the charted disclosures those responses ignore—beginning with Oohata. Even under EdisonLED's authorities, proportionality concerns the detail of a response, not whether the response Rule 3.4A requires may be withheld.

Nor does Bulbrite's ultimate burden of proving invalidity alter EdisonLED's disclosure duty. *Microsoft Corp. v. i4i Limited Partnership* addresses the burden of persuasion at trial. 564 U.S. 91, 95 (2011). It says nothing about disclosures under Rule 3.4A. *Finjan* likewise rejected the premise that the ultimate invalidity burden dictates the scope of validity discovery. 2018 WL 4772124, at *2; *cf. Curia IP Holdings, LLC v. Salix Pharmaceuticals, Ltd.*, No. 21-cv-19293, 2025 WL 1627251, at *9 (D.N.J. Feb. 18, 2025) (a patentee's disclosure obligations under Rule 3.4A apply "[r]egardless of which party carries the burden of providing invalidity"). Bulbrite will bear the burden of proving invalidity at trial; Rule 3.4A requires EdisonLED to disclose its positions now.

16

EdisonLED's timing confirms the point. It received the contentions on April 10; by April 30 it had counted the identified combinations—at least fifteen per patent—and sought a one-month extension because the contentions' "scope and density" required more time to respond. Dkt. 88 at 1-2. The request raised no Rule 3.3 objection. The first Rule 3.3 objection in this record appears in the Responses themselves, served on the extended June 8 deadline. Dkt. 95-4 at 6-8. An objection first raised on the response deadline cannot excuse the disclosures due that day.

## V.    EDISONLED'S SELECTIVE § 112 RESPONSES DO NOT JUSTIFY ITS WHOLESALE INDEFINITENESS REFUSAL

### A.    The April contentions identified the grounds, and most terms self-evidently disclosed the nature of the dispute

Bulbrite's April contentions identified challenged claim limitations and asserted § 112 grounds, but did not include the specific term-by-term indefiniteness explanations later provided on July 1. Dkt. 95-5 at 112-118; Dkt. 96-3 at ECF 2-3. The July 1 disclosure supplied concise, term-specific explanations and narrowed the dispute. EdisonLED now has the information it said was missing. It still has provided no indefiniteness response.

For many terms, the nature of Bulbrite's indefiniteness position is apparent from the claim language itself. The April list included "transparent or non-transparent," a phrase Bulbrite contends imposes no objective boundary; "bent into a 3-dimention shape," which Bulbrite contends is facially nonsensical because the

structure is already three-dimensional; and terms of degree such as "about 90 degree" and "substantially parallel." Dkt. 95-5 at 112, 114, 116-17; Dkt. 96-3 at ECF 2-3. It also identified "an area of the light emitting surface," which Bulbrite contends lacks antecedent basis, and '340 claim 5, which Bulbrite contends contradicts itself: the claim addresses when the light-emitting unit "is not disposed on the top surface," yet requires the unit to be disposed there. Dkt. 95-5 at 114, 117-18; Dkt. 96-3 at ECF 3. For roughly two-thirds of the addressed terms, the claim language itself supplies the notice needed to understand the challenge.

Bulbrite does not ask the Court to decide from these examples that the claims are indefinite. The specification, prosecution history, or knowledge of a skilled artisan may answer Bulbrite's contentions. That answer is precisely the response Rule 3.4A(d) seeks. EdisonLED could identify the intrinsic disclosure or understanding that supplies an objective boundary, resolves the claimed contradiction, or gives the phrase reasonable certainty. Its blanket refusal withheld the information that would focus those disputes.

### B. EdisonLED's substantive answers to two § 112 grounds defeat its claim that there was nothing to answer

EdisonLED treated indefiniteness differently from written description and enablement. It used the same statement—that "Bulbrite offers no explanation whatsoever"—to refuse an indefiniteness response for every patent. Dkt. 95-4 at 201-247. But EdisonLED used the same § 112 term lists to provide substantive written-

description and enablement responses for eight patents: the '738, '022, '483, '340, '455, '703, '564, and '436 patents. *Id.* at 203-247. Those responses cite specification passages and explain where EdisonLED contends the patents support or enable the listed limitations. *Id.*

From those lists, EdisonLED identified the challenged limitations, the statutory grounds, and the patent disclosures it believed responsive. Its own work disproves the categorical assertion that Bulbrite "declined to disclose any § 112 theories" and left "nothing for EdisonLED to rebut." Dkt. 96 at 8. At most, EdisonLED's objection bears on the detail required for a particular response; it cannot justify refusing every indefiniteness response.

### C.    Rule 3.4A(d) required EdisonLED to answer Bulbrite's indefiniteness grounds

EdisonLED argues that Bulbrite "declined to disclose any § 112 theories in the first place" and therefore left "nothing for EdisonLED to rebut." Dkt. 96 at 8. Rule 3.4A(d), however, required EdisonLED to respond to each § 112 ground Bulbrite asserted. Bulbrite asserted indefiniteness as to identified claim language. EdisonLED could object that Bulbrite's explanations were inadequate, but it could not turn that objection into a decision that no response was due. Bulbrite's April contentions identified challenged limitations and statutory grounds, and the July 1 table supplied the term-specific explanations EdisonLED requested. Dkt. 95-5 at 112-118; Dkt. 96-3 at ECF 2-3. EdisonLED now has both disclosures and must provide "a detailed

19

explanation of how the asserted claim complies with 35 U.S.C. § 112." L. Pat. R. 3.4A(d).

### D.    *Epitopix* does not justify EdisonLED's blanket refusal

EdisonLED invokes *Epitopix, LLC v. Zoetis Inc.* for the rule that readily discernible indefiniteness theories belong in the contentions. No. 2:23-cv-02467, ECF No. 155 at 7-9 (D.N.J. Feb. 27, 2026). There, the accused infringer sought to add two completely new, facial indefiniteness theories about twenty months after its contentions and after claim construction. *Id.* It identified no new evidence, construction, or intervening circumstance that justified the delay. *Id*. at 7-8.

This record is different. On July 1, before preliminary constructions were due, Bulbrite supplied the term-specific explanations EdisonLED requested. The table addressed the claim language Bulbrite had identified as indefinite in April, along with one term the April list had inadvertently omitted.[3] The same email identified thirteen other terms Bulbrite would not press as indefinite during claim construction. Dkt. 95-5 at 112-118; Dkt. 96-3 at ECF 2-3. *Epitopix* does not justify EdisonLED's blanket refusal to provide the response Rule 3.4A(d) requires.

## VI.    THE REQUESTED ORDER WOULD COMPEL ONLY THE RESPONSES RULE 3.4A ALREADY REQUIRES

EdisonLED must correct all 68 responses. Rule 3.4A required EdisonLED to

---

[3] The omitted term is Term 10, the '340 patent's "transparent body" limitation in claims 1 and 19.

follow each chart, state its agreement or disagreement with each allegation, and provide the written basis for its position. Instead, EdisonLED used the same patent-wide template in all 68 responses, and the phrase "failed to establish" appears 980 times. Dkt. 95 at 4-5. Oohata and the other contradictions shown above demonstrate the consequence: EdisonLED says Bulbrite did not identify an element even where the chart quotes the reference naming and numbering it. Those examples illustrate the response-wide defect; they do not limit its scope. EdisonLED substituted one template for the chart-specific work Rule 3.4A required. It must serve compliant responses to every chart. *See, e.g., ConnectTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527-28 (E.D. Tex. 2005) (granting motion to compel and ordering the party to supplement deficient contentions that "provide[d] no explanation.")

The § 112 relief is just as direct. EdisonLED has both Bulbrite's April contentions and the term-specific explanations supplied on July 1. Rule 3.4A(d) requires EdisonLED to explain how the asserted claims comply with § 112.

The requested relief also advances the narrowing the Court directed. On July 21, the Court ordered the parties to spend thirty days discussing narrowing, with a progress letter due September 4. Dkt. 99. The parties cannot meaningfully narrow the validity issues while EdisonLED's validity positions remain undisclosed. Bulbrite cannot drop references, combinations, or grounds without knowing which ones EdisonLED actually disputes and why. Compliant Responses are the predicate for the

21

discussions the Court ordered.

The accompanying order requires EdisonLED to serve supplemental Responses complying with Rule 3.4A(a)-(d) within fourteen days. That is measured relief. *See Curia IP Holdings*, 2025 WL 1627251, at *6 (describing an order to cure contentions as less extraordinary than striking them).

## VII.  CONCLUSION

Bulbrite requests entry of the accompanying order requiring EdisonLED, within fourteen days, to serve supplemental Responses complying with Local Patent Rule 3.4A(a)-(d). Should EdisonLED fail to comply with that order, Bulbrite reserves the right to seek further relief, including preclusion. Preliminary claim constructions are now due July 31—before supplementation under the requested order could be due—while EdisonLED's validity positions remain undisclosed. Bulbrite therefore reserves the right to revisit its proposed claim terms and claim-construction positions in light of information first disclosed through EdisonLED's supplementation.

Dated: July 24, 2026

s/ *Jason B. Lattimore*
Jason B. Lattimore
**THE LAW OFFICE OF**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
(973) 998-7477
Jason@LattimoreLaw.com

David C. Radulescu, Ph.D. (*pro hac vice*)
Etai Lahav (*pro hac vice*)
Michael Sadowitz (*pro hac vice*)

22

Bryon T. Wasserman (*pro hac vice*)
**RADULESCU LLP**
5 Penn Plaza, 19th Floor
New York, New York 10001
Telephone: (646) 502-5950
Facsimile: (646) 502-5959
david@radip.com
etai@radip.com
mike@radip.com
bryon@radip.com

Kevin S. Kudlac (*pro hac vice*)
**RADULESCU LLP**
111 Congress Avenue, Ste. 500
Austin, TX 78701
Telephone: (512) 656-5743
kevin@radip.com

***Attorneys for Defendant
Bulbrite Industries Inc.***

23

## CERTIFICATE OF CONFERENCE (L. CIV. R. 37.1(b)(1))

Counsel for Bulbrite certify that the parties conferred in a good-faith effort to resolve the issues raised by this motion without the Court's intervention and were unable to reach agreement. The parties exchanged letters on June 10 and June 15, 2026, and email on June 16, 2026, and conferred by telephone on June 22, 2026; Michael Sadowitz and Jason B. Lattimore participated for Bulbrite, and Jae Y. Pak participated for EdisonLED. The parties reached an impasse, presented the dispute by letter, Dkts. 95, 96, and the Court ordered this motion practice. Dkt. 97.

*s/ Jason B. Lattimore*
Jason B. Lattimore

24