**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDISONLED LLC, | Case No. 3:25-cv-13543- ZNQ-JTQ |
| *Plaintiff*, |  |
| v. | **[PROPOSED] ORDER GRANTING MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO INVALIDITY CONTENTIONS** |
| BULBRITE INDUSTRIES, INC, |  |
| *Defendant*. |  |

**THIS MATTER**, having been brought before the Court on the motion of Defendant, Bulbrite Industries, Inc., for an Order compelling Plaintiff, EdisonLED LLC, to serve supplemental responses to invalidity contentions that comply, in full, with L. Pat. R. 3.4A; and the Court having considered the submissions and arguments of the parties and having determined that Plaintiff's responses to invalidity contentions are deficient; and for good cause shown;

**IT IS** on this [    ] day of [              ], 2026,

**ORDERED** that Bulbrite's motion is **GRANTED**; and it is

**FURTHER ORDERED** that, within fourteen (14) days of the date of this Order, Plaintiff shall serve supplemental Responses to Defendant's Invalidity Contentions that:

a.      for each charted prior-art item, identify each limitation EdisonLED contends is absent, as required by L. Pat. R. 3.4A(a);

b.      for each obviousness allegation, explain why the charted prior art does not render the asserted claims obvious, as required by L. Pat. R. 3.4A(b);

c.      follow the order of each invalidity chart and state EdisonLED's agreement or disagreement with each allegation, together with the written basis for that position, as required by L. Pat. R. 3.4A(c); and

for each asserted ground under 35 U.S.C. § 112, provide a detailed explanation of how the asserted claim complies with § 112, as required by L. Pat. R. 3.4A(d).

_____
JUSTIN T. QUINN, U.S.M.J.

- 2 -